```
                                    FILED
                              U.S. DISTRICT COURT
                             EASTERN DISTRICT OF LA.

                              2021 OCT -7  A 11:38

                                 CAROL L. MICHEL
                                      CLERK
```

# SEALED

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

# FELONY

### INDICTMENT FOR WIRE FRAUD, AGGRAVATED IDENTITY THEFT, FALSE STATEMENTS, AND NOTICE OF FORFEITURE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 21-128** |
| v. | * | **SECTION: SECT. B MAG. 5** |
| **COREY THOMAS** <br> a/k/a "Schoolboy" | * | **VIOLATIONS:** 18 U.S.C. § 1001 <br> 18 U.S.C. § 1028A <br> 18 U.S.C. § 1343 |

\* \* \*

The Grand Jury charges that:

## COUNT 1
### (Wire Fraud)

**A. AT ALL TIMES MATERIAL HEREIN:**

1. The defendant, **COREY THOMAS, a/k/a "Schoolboy" ("THOMAS")**, resided in or around New Orleans, Louisiana, which is in the Eastern District of Louisiana.

2. Best Buy was a consumer electronics retailer. Best Buy operated retail stores in various locations nationwide, including in Lafayette, Louisiana. Best Buy offered financing to customers in the form of a credit card provided by Citibank. Best Buy customers could apply for a Best Buy credit card while in a Best Buy location and use it to purchase items at Best Buy.

```
                                              __Fee__ USA__
                                              __Process_____
                                              _X_Dktd_____
                                              __CtRmDep_____
                                              __Doc.No._____
```

Applications for a Best Buy credit card require an applicant to provide a name and address. When a Best Buy customer applied for a Citibank account for a purchase at Best Buy, an electronic signal was sent from the Best Buy retail location where the customer was shopping to a server in Texas.

3. Lowe's Home Improvement ("Lowe's") was a home improvement, hardware, and construction retailer. Lowe's operated retail stores in various locations nationwide, including in New Orleans, Baton Rouge, and Slidell, Louisiana. Lowe's offered financing to customers in the form of a credit account provided by Synchrony Bank "(Synchrony"). Lowe's customers could use their Synchrony account while at a Lowe's location to purchase items at Lowe's. To make a purchase at a Lowe's account, a customer had to provide a Lowe's employee with the customer's Lowe's card or account number, or the customer could provide a photographic identification card, a date of birth, and the last four digits of the customer's social security number. When a Lowe's customer used or attempted to use a Synchrony account for a purchase at Lowe's, an electronic signal was sent from the Lowe's retail location where the customer was shopping to a server in Nebraska.

4. Victim 1 resided in or around New Orleans, Louisiana, which is in the Eastern District of Louisiana. Victim 1 had a Lowe's credit account with Synchrony. Synchrony's computer systems included Victim 1's personal identifying information, including his name, date of birth, address, and social security number.

B. **THE SCHEME AND ARTIFICE TO DEFRAUD:**

It was part of the scheme and artifice to defraud that, beginning at a time unknown, but at least as early as January 1, 2019, and continuing until at least January 16, 2019, in the Eastern District of Louisiana and elsewhere, the defendant, **THOMAS**, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially

2

false and fraudulent pretenses, representations, and promises, by using Victim 1's personal identifying information to make purchases and attempt to make purchases in Victim 1's name and to use, attempt to use, and attempt to open credit accounts in Victim 1's name at retail locations, including Best Buy and Lowe's.

It was further a part of the scheme and artifice to defraud that **THOMAS** informed a third party ("Customer 1") that **THOMAS** could purchase goods at Lowe's at a discount on those customers' behalf. Customer 1 communicated with **THOMAS** by telephone and in person.

It was further a part of the scheme and artifice to defraud that **THOMAS** purchased goods from Lowe's by paying with Victim 1's Lowe's credit account.

It was further a part of the scheme and artifice to defraud that **THOMAS** sold goods purchased from Lowe's to Customer 1, who paid **THOMAS** cash in an amount less than the purchase price that **THOMAS** charged to Victim 1's Lowe's credit account.

C. **MANNER AND MEANS**:

1. On or about January 1, 2019, **THOMAS** entered a Best Buy location in Lafayette, Louisiana. **THOMAS** attempted to open a credit account in Victim 1's name to make a purchase of approximately $4,830.31. **THOMAS** provided Best Buy with Victim 1's name, street address, and zip code but a different telephone number and email address. As part of this transaction, **THOMAS** caused a wire communication to travel from Louisiana to a Citibank server in Texas.

2. On or about January 13, 2019, **THOMAS** entered a Lowe's location in New Orleans, Louisiana. **THOMAS** used Victim 1's credit account to make a purchase of approximately $6,239.61. A third party paid **THOMAS** approximately $3,000 in cash for the goods and picked them up from Lowe's. As part of this transaction, **THOMAS** caused a wire communication to travel from Louisiana to a Synchrony server in Nebraska.

3. On or about January 14, 2019, **THOMAS** entered a Lowe's location in Baton Rouge, Louisiana. **THOMAS** attempted to use Victim 1's credit account to make a purchase of approximately $1,872. The attempted purchase was denied. As part of this transaction, **THOMAS** caused a wire communication to travel from Louisiana to a Synchrony server in Nebraska.

4. On or about January 16, 2019, **THOMAS** entered a Lowe's location in Slidell, Louisiana. **THOMAS** attempted to use Victim 1's credit account to make a purchase of approximately $2,183. The attempted purchase was denied. As part of this transaction, **THOMAS** caused a wire communication to travel from Louisiana to a Synchrony server in Nebraska.

5. On or about January 16, 2019, **THOMAS** entered a Lowe's location in Slidell, Louisiana. **THOMAS** attempted to use Victim 1's credit account to make a purchase of approximately $2,410. The attempted purchase was denied. As part of this transaction, **THOMAS** caused a wire communication to travel from Louisiana to a Synchrony server in Nebraska.

6. **THOMAS** used a cellular telephone that Customer 1 had used to contact **THOMAS** during the January 13, 2019, purchase of goods at Lowe's.

7. On or about February 6, 2019, **THOMAS** falsely told federal agents that he was not the person in the Lowe's and Best Buy surveillance footage. **THOMAS** also falsely told federal agents that he did not know Customer 1.

### D. THE EXECUTIONS:

On or about the dates and in the approximate amounts specified in each wiring below, in the Eastern District of Louisiana and elsewhere, the defendant, **THOMAS**, for the purpose of executing and attempting to execute the scheme and artifice to defraud set forth above, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described below:

4

| Wiring | Date | Transaction Amount | Description of Wire Communication |
|---|---|---|---|
| A | Jan. 1, 2019 | $4,830.31 (denied) | A wire communication sent from Louisiana to Texas regarding an attempted purchase |
| B | Jan. 13, 2019 | $6,239.61 (processed) | A wire communication sent from Louisiana to Nebraska regarding a successful purchase |
| C | Jan. 14, 2019 | $1,872 (denied) | A wire communication sent from Louisiana to Nebraska regarding an attempted purchase |
| D | Jan. 16, 2019 | $2,183 (denied) | A wire communication sent from Louisiana to Nebraska regarding an attempted purchase |
| E | Jan. 16, 2019 | $2,410 (denied) | A wire communication sent from Louisiana to Nebraska regarding an attempted purchase |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNTS 2, 3 & 4
### (Aggravated Identity Theft)

A. **AT ALL TIMES MATERIAL HEREIN**:

The allegations of Parts A, B, and C of Count 1 are hereby re-alleged and incorporated herein by reference.

B. **THE OFFENSES**:

On or about the dates and in the approximate amounts listed in the chart below, in the Eastern District of Louisiana, the defendant, **COREY THOMAS**, did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, wire fraud, as detailed in Count 1, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

| Count | Date | Transaction Amount | Location |
|---|---|---|---|
| 2 | Jan. 13, 2019 | $6,239.61 (processed) | New Orleans, Louisiana |
| 3 | Jan. 16, 2019 | $2,183 (denied) | Slidell, Louisiana |
| 4 | Jan. 16, 2019 | $2,410 (denied) | Slidell, Louisiana |

## COUNT 5
### (False Statements)

A. **AT ALL TIMES MATERIAL HEREIN:**

The allegations of Parts A, B, and C of Count 1 are hereby re-alleged and incorporated herein by reference.

B. **THE OFFENSE:**

On or about February 6, 2019, in the Eastern District of Louisiana, in a matter within the jurisdiction of the United States Department of Justice, a department of the Government of the United States, the defendant, **COREY THOMAS**, did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations to a Special Agent of the Federal Bureau of Investigations ("FBI"), to wit: **THOMAS** falsely told an FBI agent that **THOMAS** was not the person in the Lowe's and Best Buy surveillance footage, and **THOMAS** falsely told an FBI agent that he did not know Customer 1.

All in violation of Title 18, United States Code, Section 1001.

## NOTICE OF FORFEITURE

1. The allegations of Counts 1 through 5 are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offenses alleged in Counts 1 through 5, the defendant, **COREY THOMAS**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property real or personal which constitutes or is derived from proceeds traceable to said offenses.


3. If any of the above-described property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.

A TRUE BILL:

FOREPERSON

DUANE A. EVANS
UNITED STATES ATTORNEY

NICHOLAS D. MOSES
Assistant United States Attorney

New Orleans, Louisiana
October 7, 2021

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

Criminal _____ Division

## THE UNITED STATES OF AMERICA

vs.

**COREY THOMAS, a/k/a "Schoolboy"**

# INDICTMENT
# FOR
# WIRE FRAUD,
# AGGRAVATED IDENTITY THEFT,
# AND FALSE STATEMENTS

**VIOLATIONS:** 18 U.S.C. § 1001
18 U.S.C. § 1028A
18 U.S.C. § 1343

A true bill

_____
Foreperson

Filed in open court this _____ day of _____ A.D. 2021.

_____
Clerk

Bail, $ _____

_____
NICHOLAS D. MOSES
Assistant United States Attorney